# 1

JUDGE SCHOFIELD

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**13 CIV 5300**

|                                                   |   |                              |
| ------------------------------------------------- | - | ---------------------------- |
| **GANGA MANTENA**                                 | : |                              |
| **Plaintiff**                                     | : | **Case No. _____**   |
|                                                   | : | **Agency No: A89 050 903**   |
| **v.**                                            | : |                              |
|                                                   | : |                              |
| **JANET NAPOLITANO, Secretary**                   | : |                              |
| **U.S. Department of Homeland Security**          | : |                              |
|                                                   | : |                              |
| **ALEJANDRO MAYORKAS, Director**                  | : |                              |
| **U.S. Citizenship and Immigration  Services**    | : |                              |
|                                                   | : |                              |
| **and**                                           | : |                              |
|                                                   | : |                              |
| **MARK J. HAZUDA, Director of the**               | : |                              |
| **Nebraska Service Center,**                      | : |                              |
| **U.S. Citizenship and Immigration Services**     | : |                              |
|                                                   | : |                              |
| **Defendants**                                    | : |                              |

---

## COMPLAINT

---

## INTRODUCTION

Plaintiff, Ganga Mantena, by and through undersigned counsel, brings this action to

challenge the Defendants' revocation of the approval of her ex-employer's immigrant petition

(Form I-140) on her behalf and the subsequent denial of her adjustment of status application

(Form I-485).  Ms. Mantena seeks review of the I-140 revocation and the I-485 denial under the

Administrative Procedures Act, 5 U.S.C. 702 (APA), the Declaratory Judgment Act, 28 U.S.C.

2001, and Mandamus, 28 U.S.C. 1361.



1

**PARTIES**

1.      Plaintiff, Ganga Mantena, was born on August 28, 1968 in India. She lives at
450 West 17th Street, Apt 333, New York, NY 10011. She is the beneficiary of an I-140
Petition that was approved in 2007 and then revoked by the Defendants in 2012. While
that application was approved, she filed a valid I-485 Application for Adjustment of
Status, which was subsequently also denied by the Defendants.

2.      Defendant Janet Napolitano is the retiring Secretary of Homeland Security. She is
charged with the administration and enforcement of all laws relating to the immigration
and naturalization of aliens, except laws that relate to the powers, functions, and duties
conferred upon the President, The Attorney General, the Secretary of State, the officers of
the Department of State, or diplomatic or consular officers. See 8 U.S.C. §1103. Her
office is in Washington, D.C. She is sued in her official capacity only. If she resigns,
Plaintiff will move to substitute her successor.

3.      Defendant Alejandro Mayorkas is is the Director of the United States Citizenship and
Immigration Service's ("USCIS") branch of the Department of Homeland Security.
USCIS is the agency empowered by statute, 8 U.S.C. §1101, et. seq., to implement and
enforce the immigration laws with respect to the provision of services. The UCIS has direct
authority over applications and petitions for benefits, such as the petition for professional
worker and application for adjustment of status at issue in this matter.  As such, Mr.
Mayorkas has authority over Plaintiff's case. He is sued in his official capacity only.

4.      Defendant Mark J. Hazuda is the Director of the USIC's. Nebraska Service Center. He is
sued in his official capacity only as the officer directly responsible for the Government's

2

action in approving and then revoking the I-140 petition and Denying the I-485 application

for adjustment of status at issue in this case.

## JURISDICTION

5.   This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 (federal question

jurisdiction) and § 1361 (action to compel an officer of the United States to perform his duties

or to redress the deprivation of rights, privileges, and immunities secured to the Plaintiffs by the

jurisdictional statutes, and to compel the Defendants to perform a duty that they owe to the

Plaintiff.

6.   Jurisdiction is also conferred by 5 U.S.C. §§ 701-706 (Administrative Procedure Act)("APA"),

the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*. and the due process

clause of the Fifth Amendment of the Constitution of the United States.

7.   The APA violations provide the jurisdictional basis upon which the Court may make a

Declaratory Judgment under 28 U.S.C. §2201.

8.   Additionally, the Court has jurisdiction to determine whether Plaintiff has the right to be heard

and challenge the revocation of the I-140 petition underlying the denial of her application for

adjustment of status (I-485). See *Ilyabaev v. Kane, et al.*, 847 F. Supp. 2d 1168 ( D. Ariz. 2012)

9.   To the extent that the Government's actions in this matter are not supported by substantial

justification, attorneys fees are appropriate. The Equal Access to Justice Act, as amended, 5

U.S.C. § 504 and 28 U.S.C. § 2412 (the "EAJA"), provides for the award of costs and attorney's

fees to a prevailing party in litigation against the United States or one of its agencies. The

EAJA has been invoked to justify the award of attorney fees and costs in immigration cases.

See, e.g., *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154 (1990);

3

*accord, Dabone v. Thornburgh*, 734 F.Supp. 195 (E.D. PA 1990) and *Harriott v. Ashcroft*, 277 F. Supp. 2d 538, 545-46 (E.D. Pa. 2003).

## VENUE

10.     Venue is proper in this Court under 28 U.S.C. §1391(e)(1)(C) because this is an action against officers and agencies of the United States in their official capacities only, brought in the District where the Plaintiff resides, and the there is no real property involved in the action.

## EXHAUSTION

11.     Plaintiff has exhausted all remedies with the Agency.  Twice, the Agency has refused to entertain her filings or consider her legal arguments relating to the revocation of the I-140 Petition filed on her behalf and the appeal of her own I-485 Application.  The Agency position is based on a perceived lack of standing for the Beneficiary of a Petition to challenge adverse action against that Petition.  Further Administrative appeal would be fruitless, given that the underlying right to even file appropriate challenges has not been recognized by the Agency.

## STANDING

12.     The Plaintiff has standing to file this Complaint and have the Court review both the I-140 revocation and the I-485 denials.  She meets the basic test established by the Supreme Court in that 1) she has suffered an injury in fact; 2) a causal connection exists between the injury and the Agency conduct, and 3) there is a substantial likelihood that the requested relief will provide a remedy to the injury.  *See, McConnell v. Fed. Election Comm.*, 540 U.S. 93, 225 124, S.Ct. 619, 157 L.Ed.2d. 491 (2003).  Other federal district courts have found standing and entertained similar claims challenging USCIS actions to revoke already approved I-140

4

petitions while I-485 applications had already been filed. *See*, *Rahman v. Napolitano*, 814 F.Supp.2d 1098 (W.D. Wa. 2011); *Ilyabaev v. Kane, supra*; and *Betancur v. Roark*, Case no. 10-CV-11131-NG (D.Mass 2011).

## FACTS AND BACKGROUND

13.  Ms. Mantena is a citizen of India. She was born on August 28, 1968.

14.  Ms. Mantena first came to the United States pursuant to an H-1B[1] visa petition filed by Covansys (formerly known as Complete Business Solutions, Inc. ). She worked as a software engineer for Convansys from April 2000 to May 2003 as authorized by her visa.

15.  In 2003, Vision Systems Group, Inc. (VSG) filed an H-1B petition on Plaintiff's behalf. That petition was approved and Plaintiff started to work for VSG as a software engineer in May of 2003.

16.  While Plaintiff was working at VSG in H-1B status, VSG filed a labor certification application (LCA) with the Department of Labor as the first step in the process to obtain lawful permanent residence for the Plaintiff for permanent employment with VSG. The LCA was certified on January 19, 2006 by the U.S. Department of Labor.

17.  On September 26, 2006 VSG filed an immigrant petition (Form I-140) with USCIS on Plaintiff's behalf. That petition was approved on November 21, 2006 by Mr. Hazuda's office. Exhibit 1 (I-140 Approval notice)

---

[1]H-1B status can be obtained by a U.S. employer seeking to hire an alien in a specialty occupation, which generally requires at least a bachelors degree. See 8 U.S.C. § 1101(a)(15)(H)(i)(b) and 8 C.F.R. § 214(h).

18.    On July 24, 2007 Plaintiff filed an application to adjust her status to lawful permanent resident (Form I-485) as authorized by 8 U.S.C. §1255a, 8 C.F.R. § 245 and based on the approved labor certification.[2]  Exhibit 2 (I-485 Receipt notice)

19.    On December 16, 2009, more than 2 years after first filing her application for adjustment of status, Plaintiff changed employment and notified the USCIS.  Exhibit 3 (notification of change of employment).  This change in employment was authorized and allowed Plaintiff's adjustment of status to remain pending as provided under the American Competitiveness in the 21st Century Act of 2000, Pub. L. 106-313, 114 Stat. 1251, Oct. 17, 2000 ("AC-21").  Plaintiff then commenced her employment as a software engineer for CNC Consulting, Inc. USCIS authorizes this change, which is referred by the USCIS as  "porting." See §106 (c)(2)(iv) of AC-21, which amended 8 U.S.C. §1182(a)(5)(A), to permit long delayed adjustment applicants to change employers in similar occupations without filing a separate Labor Certification application.

20.    It is noted that the act of "porting" in 2009 essentially served to sever any relation between the Plaintiff and the original Petitioner VSG.  In effect, it allowed her I-485 application for adjustment to Permanent Resident status to stand alone, so long as it was supported by the continuing offer from the new employer.  The Agency's own instruction provide for continuing eligibility, even if an original I-140 is revocable or has been revoked, so long as the "porting" under AC21 has taken place before revocation.  *See*, §23.2 of USCIS

---

[2] The Immigration and Nationality Act sets limits the number of aliens who can apply for employment based visas each year, depending on the employment classification of the job. Availability of visas under each category is based on a priority based system that allows the alien to apply for a visa or adjustment of status when his or her priority date is reached.  In this case, the priority date was fixed by the date the labor certification application was received by the Department of Labor.

Adjudicator's Field Manual (AFM) (as cited to USCIS by Plaintiff in March 8, 2013 Motion). *See also*, Exhibit 4 (USCIS Memorandum - Guidance for processing of AC21 cases).

21.   On October 7, 2010, Viswa Mohan Mandalapu, the President of VSG pled guilty to Mail Fraud in violation of 18 U.S.C. § 1341. The conviction was based on the submission of an non-immigrant petition filed by VSG on behalf of Suresh Kumar Pola, which contained fraudulent statements and information. Suresh Kumar Pola has no relation and is not known to the Plaintiff. Upon information and belief the criminal matter against Mr. Mandalapu had no connection to any petition or application filed on behalf of Ms. Mantena.

22.   On June 28, 2012 the USCIS issued a Notice to Intent to Revoke ("NOIR") the I-140 petition that related to the Plaintiff. The NOIR was sent only to VSG at a time when Defendants knew VSG was out of business and could not respond to the NOIR. Defendants did not notify Plaintiff of their intent to revoke the I-140 of which she was the designated beneficiary.

23.   The NOIR referred to Mr. Mandalapu's guilty plea to mail fraud as the basis to consider that "...all cases filed by VSG and its associated entities may be fraudulent." Citing to various precedent decisions by the Board of Immigration Appeals, the NOIR put the burden on the non-existing employer to rebut the stated basis for revocation. Defendants' notice did not identify any information relating to the employment relationship between Plaintiff and VSG. Plaintiff was not notified of this decision, or given any opportunity to respond.

24.   Upon information and belief, there was no fraud involved in VSG's I-140 petition on Plaintiff's behalf and Plaintiff's I-485 adjustment of status application. The original petition

7

and application were bona fide. At all times in this action, the Plaintiff has been honest and forthright with the Agency. She performed real, qualifying work as an IT professional under all of her visas and during all periods of authorized extension. To the best of her knowledge, the offers made by VSG under the disputed I-140 were valid and VSG intended to fully comply. To the extent VSG evidence fradulent intent, Ms. Mantena was an innocent victim of that fraud. Certainly, Ms. Mantena herself intended to fully comply with the requirements during all relevant periods herein.

25.    On October 19, 2012 USCIS revoked VSG's I-140 for failure to respond to the NOIR.
       Exhibit 5 (USCIS I-140 Denial).  Once again, USCIS did not notify Plaintiff of the I-140
       revocation., which invalidated the I-140 petition which is the basis of Plaintiff's application
       for adjustment of status.

26.    On November 20, 2012 the USCIS denied Plaintiff's adjustment of status application (I-
       485).  Exhibit 6 (USCIS I-485 Denial).  Plaintiff timely filed a Motion to Reopen the denial
       and requested reversal of the I-140 revocation.  Exhibit 7 (First I-290B Motion to
       Reopen/Reconsider).

27.    The Plaintiff fully briefed and argued her legal eligibility for adjustment and her standing to
       challenge the underlying I-140 revocation - to the degree such revocation affected her
       underlying application.  Exhibit 8 (Plaintiff's Brief in support of first Motion).  That brief is
       respectfully incorporated by reference into the instant Complaint.

28.    The On February 21, 2013 USCIS denied Plaintiff's motion. Exhibit 9 (USCIS Denial of
       first Motion).  The denial asserted that empowering regulations do not allow a beneficiary to
       be a party to any challenge of adverse action on an I-140 Petition.  Exhibit 9 (citing 8 C.F.R.

8

103.2(a)(3)); *but see, McConnell, supra*. The denial did not acknowledge Plaintiff's

standing to challenge any of the legal reasoning for the original actions, including the I-485

denial. It cited instruction on these issues, but did not acknowledge the citation to the AFM

as asserted by Plaintiff's counsel. *Compare*, Exhibit 9 (citing AFM sec. 20.2), *with* AFM

sec. 23.2*)*. Also, to the extent it acknowledged continuing legal eligibility for an I-485 even

after revocation of an I-140, it merely asserted that Agency had discretion to deny - but did

not evidence how or why that discretion had been exercised. Exhibit 9.

29.     On March 8, 2013 Plaintiff filed another form I-290B Motion to Reopen/Reconsider.

        Exhibit 10 (Second I-290B Motion to Reopen/Reconsider). Again, full briefing was

        provided. Exhibit 11 (Plaintiff's Brief in support of second Motion). Again, that brief is

        respectfully incorporated by reference into the instant Complaint.

30.     On June 28, 2013 the Defendant USCIS issued a dismissal denying Plaintiff's Motion.

        Exhibit 12 (USCIS denial of second Motion). The denial was summary in nature and

        indicated that no new legal argument had been provided.

31.     Plaintiff has continuously maintained lawful status since her arrival into the United States[3].

        Her most recent H-1B visa status was granted while these matters were pending before the

        Agency. That status remains valid until at least December 12, 2013. Exhibit 13. We

        respectfully assert that her status remains valid while this challenge to unlawful the Agency

        actions is being pursued.

---

[3]Although an alien can generally be on H-1B status for a maximum period of 6 years at a time,
there is an exception for aliens who are beneficiaries of a labor certification, I-140 petition, or
and I-485 application filed at least 365 days before the expiration of their H-1B status. See AC21,
PL 106-313 § 106(a).

32.     The previously valid I-140 was and is a continued valid basis for Plaintiff's adjustment of
        status, as provided by §106(c)(2)(iv) of AC-21.  Even if it is not, the Plaintiff properly
        'ported' and her adjustment of status application should be permitted to stand alone, without
        reference to the original I-140, so long as all other AC21 and 8 U.S.C. sec.1255
        requirements are met.

## CAUSES OF ACTION
## COUNT I
### Administrative Procedures Act
### Violation under 5 U.S.C. 706(2)(A) and (B)
### with Respect to I-140 and I-485

33.     Paragraphs 1 through 32 are repeated and reasserted as if fully set forth herein.

34.     Defendants revocation of the approval of VSG's I-140 petition and its subsequent denial of
        the I-485 application were both in violation of the law, because it was a categorical denial
        based on criminal actions by VSG, which were unrelated to VSG's bona fide employment
        relationship with Plaintiff.  As such, the revocation was not based on   "...good and
        sufficient cause..."  as required by 8 U.S.C. §1155.

35.     In addition, Defendants acknowledged receipt of Plaintiff's response to their Notice of Intent
        to Revoke, but failed to give any consideration to that response in their final determination
        revoking the I-140 petition.

36.     Defendants similarly failed to consider any of the Plaintiff's legal arguments in her
        challenges to the I-485 denials of November 20, 2012; February 21, 2013.  The final
        decision of June 28, 2013 repeated the same erros as the decisions before.

10

37.   Defendants' failure to consider the arguments and evidence provided by the Plaintiff was
      contrary to their regulation at 8 C.F.R. §103.2(b)(16)(i) because they failed to give Plaintiff,
      who had a pending adjustment of status application at the time of the I-140 revocation, a
      meaningful opportunity to challenge the basis of the denial of her adjustment of status
      application. See *Ilyabaev, supra.*

38.   Defendants actions violated the procedures established by §106 of the AC21, relating to
      portability of applications for adjustment of status based on already -approved I-140
      petitions.  The Defendants' actions also violated the provisions of the Agency's own
      regulations and instructions relating to continuing eligibility for benefits even if an I-140
      Petition is revocable (or even if it has been revoked).

39.    This action is in violation of the APA because the Defendants revocation was "arbitrary,
      capricious, an abuse of discretion, or otherwise not in accordance with law;" and it is
      "contrary to constitutional right, power, privilege, or immunity."  5 U.S.C. §706(2)(A) and
      (B).

40.   The approved visa petition is and was proper and sufficient foundation for Plaintiff's
      adjustment of status application because the substituted job is the same job as the previously
      certified job.

## COUNT II
### Due Process Violation
### with Respect to I-140 and I-485

41.   Paragraphs 1 through 40 are repeated and reasserted as if fully set forth herein.

42.   Defendants completely ignored Plaintiff's responses to their Notice of Intent to Revoke the
      I-140 petition and the challenges to the I-485 denial. Their reviews of both Motions from

11

December 2012 and March 2013 blatantly ignored the Plaintiff's arguments and her standing as an aggrieved and interested party to the proceeding.

43.    Plaintiff's response included substantial evidence to establish that she had had a bona fide employment relationship with VSG at the time of the I-140 filing and approval; that the approved I-140 petition was based on a bona fide employment relationship and offer of employment; and that Ms. Mantena appropriately and lawfully "ported" her employment during the pending I-485 application.

44.    Defendant's failure to give Plaintiff a meaningful opportunity to challenge the basis of the denial of the I-140 Petition and the I-485 violated her due process rights.

## COUNT III - Request for Attorney's Fees under EAJA
### 28 U.S.C. 2412(d) and 5 U.S.C. 504 et seq.

45.    Paragraphs 1 through 44 are repeated and reasserted as if fully set forth herein.

46.    Defendants denied Plaintiff's application for adjustment of status after revoking her employer's I-140 petition for reasons wholly unrelated to the prior employee-employer relationship between Plaintiff and her employer.

47.    The denial of Defendants' application for adjustment of status was not substantially justified, as it was not based on any evidence relating to the validity of the I-140 petition. The denial was based on convictions of agents of the employer that were totally unrelated to the prior employee-employer relationship between Plaintiff and VSG.

48.    Award of attorney's fees in this case is warranted, as the Defendants' position has no basis in fact or law.

12

WHEREFORE, for all of the above stated reasons, Plaintiff respectfully request this Court to Order the following relief:

(a)     Declare that the approval of VSG's I-140 petition was based on a then bona fide employment relationship with Plaintiff.

(b)     Declare that VSG's I-140 visa petition and labor certification properly ported and retained their vitality with the substitution of CNC Consulting as the new employer.

(c)     Declare that the application for adjustment of status filed by the Plaintiff was based on the properly approved I-140 petition and the proper 'porting' under AC21.

(d)     Reverse the revocation of VSG's I-140 petition on Plaintiff's behalf and reinstate the validity of Plaintiff's adjustment of status application.

(e)     Declare the Plaintiff is eligible to "port" to a new employer under the provisions of AC-21.

(f)     Declare that the Plaintiff maintains lawful status during this legal challenge to the Agency actions.

(g)     Grant Plaintiff costs and attorney's fees pursuant to the Equal Access to Justice Act (EAJA) or other applicable provisions of law as the Court may deem proper.

(h)     Grant such other and further relief as the Court may deem proper.

Respectfully submitted,

JAMES J. ORLOW
Attorney for Plaintiff - Registration Number 13108
ORLOW, KAPLAN & HOHENSTEIN, LLP
P.O. Box 40017
620 Chestnut Street, Suite 656
Philadelphia, PA 19106
(215) 922-1183 - telephone
(215) 922-0516 - facsimile
jorlow@orlow.com

7/29/2013
Date

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **GANGA MANTENA** | : | |
| **Plaintiff** | : | **Case No.** _____ |
| | : | **Agency No: A89 050 903** |
| **v.** | : | |
| | : | |
| **JANET NAPOLITANO, Secretary:** | | |
| **U.S. Department of Homeland Security** | : | |
| | : | |
| **ALEJANDRO MAYORKAS, Director** | : | |
| **U.S. Citizenship and Immigration  Services :** | | |
| | : | |
| **and** | : | |
| | : | |
| **MARK J. HAZUDA, Director of the** | : | |
| **Nebraska Service Center,** | : | |
| **U.S. Citizenship and Immigration Services** | : | |
| | : | |
| **Defendants** | : | |

### CERTIFICATE OF SERVICE

I certify that the enclosed COMPLAINT was served on the person whose name and address appears below via UPS delivery:

U.S. Attorney's Office- Southern District of New York
86 Chambers Street 3rd Floor
New York, NY 10007

Respectfully submitted,

JAMES J. ORLOW
Attorney for Plaintiff

Date: July 29, 2013