PREET BHARARA
United States Attorney for the
Southern District of New York
By: CHRISTOPHER CONNOLLY
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2761
Fax: (212) 637-2786
E-mail: christopher.connolly@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- x
GANGA MANTENA,                                     :
                                                                         :
                       Plaintiff,                   :
                                                                         :
                 v.                                     :   13 Civ. 5300 (LGS)
                                                                         :
JANET NAPOLITANO, Secretary, U.S. Department of  :   **ANSWER TO**
Homeland Security; ALEJANDRO MAYORKAS,     :   **AMENDED COMPLAINT**
Director, U.S. Citizenship and Immigration Services; and :
MARK J. HAZUDA, Director of the Nebraska Service  :
Center, U.S. Citizenship and Immigration Services,  :
                                                                         :
                       Defendants.            :
------------------------------------------------------------------- x

       Defendants Jeh Johnson, Secretary of the United States Department of Homeland Security ("DHS"); Lori Scialabba, Acting Director of United States Citizenship and Immigration Services ("USCIS"); and Mark J. Hazuda, Director of the USCIS Nebraska Service Center (collectively, "defendants" or the "Government"),[1] by their attorney, Preet Bharara, United States Attorney for the Southern District of New York, answer the Amended Complaint on information and belief as follows:

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Jeh Johnson is substituted as a defendant for former Secretary of DHS Janet Napolitano, and Lori Scialabba is substituted as a defendant for former Director of USCIS Alejandro Mayorkas.

## INTRODUCTION

The Introduction consists of plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, defendants admit that plaintiff seeks judicial review pursuant to the Administrative Procedure Act ("APA"), the Declaratory Judgment Act, and the federal mandamus statute, 28 U.S.C. § 1361, of USCIS's revocation of the I-140 obtained on her behalf by her former employer and its denial of her I-485 adjustment of status application, but deny that plaintiff is entitled to the relief she seeks.

## PARTIES

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 1. Admit the allegations in the third and fourth sentences of paragraph 1.

2. Admit the allegations in paragraph 2, except respectfully refer the Court to the statute cited in the second sentence for a complete and accurate statement of its contents, and aver that, pursuant to Federal Rule of Civil Procedure 25(d), Jeh Johnson is substituted for Janet Napolitano as a defendant in this action.

3. Admit the allegations in paragraph 3, except aver that, pursuant to Federal Rule of Civil Procedure 25(d), Lori Scialabba is substituted for Alejandro Mayorkas as a defendant in this action.

4. Admit the allegations in paragraph 4.

## JURISDICTION

5. Paragraph 5 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny that the Court possesses jurisdiction over this action to the extent it seeks judicial review of USCIS's revocation of the I-140.

6. Paragraph 6 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny that the APA confers jurisdiction on this Court to review USCIS's revocation of the I-140.

7. Paragraph 7 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny that the APA confers jurisdiction on this Court to review USCIS's revocation of the I-140.

8. Paragraph 8 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny that the APA confers jurisdiction on this Court to review USCIS's revocation of the I-140. Moreover, to the extent that paragraph 8 consists of plaintiff's characterization of the cited district court decision, defendants respectfully refer the Court to the decision for a complete and accurate statement of its contents.

9. Paragraph 9 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny that plaintiff is entitled to attorneys' fees pursuant to EAJA. Moreover, to the extent that paragraph 9 consists of plaintiff's characterization of the cited statutes and decisions, defendants respectfully refer the Court to those statutes and decisions for complete and accurate statements of their contents.

**VENUE**

10. Paragraph 10 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants admit that venue is proper in this District, but aver that the Court lacks jurisdiction over plaintiff's claims with respect to the revocation of the I-140.

**EXHAUSTION**

11. Paragraph 11 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny that plaintiff has exhausted administrative remedies. Moreover, to the extent that paragraph 11 consists of plaintiff's characterization of underlying decisions issued by USCIS, defendants respectfully refer the Court to those decisions for complete and accurate statements of their contents.

**STANDING**

12. Paragraph 12 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny that plaintiff has standing to challenge USCIS's revocation of the I-140. Moreover, to the extent that paragraph 12 consists of plaintiff's characterization of the cited decisions, defendants respectfully refer the Court to those decisions for complete and accurate statements of their contents.

**FACTS AND BACKGROUND**

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Admit the allegations in the first sentence of paragraph 14 and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 14.

15. Admit the allegations in paragraph 15, except deny knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation that she began working for VSG as a software engineer in May 2003.

16. Admit the allegations in paragraph 16, except deny knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations concerning her employment at VSG.

17. Admit the allegations in paragraph 17.

18. Admit the allegations in paragraph 18, except aver that the allegations in footnote 3 are conclusions of law to which no response is required.

19. Admit that more than two years after first filing her I-485 application for adjustment of status, plaintiff notified USCIS that she changed employment, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 19.  The remainder of this paragraph consists of conclusions of law to which no response is required.  To the extent a response is deemed required, defendants deny the remaining allegations in paragraph 19 and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

20. Paragraph 20 consists of conclusions of law to which no response is required.  To the extent a response is deemed required, defendants deny the allegations in paragraph 20 and respectfully refer the Court to the cited USCIS Adjudicator's Field Manual for a complete and accurate statement of its contents.

21. Admit the allegations in the first and second sentence of paragraph 21; deny knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 21; and deny the allegations in the fourth sentence of paragraph 21.

22. Admit the allegations in paragraph 22, except deny that "Defendants knew VSG was out of business and could not respond to the NOIR."

23. Paragraph 23 consists of plaintiff's characterization of the notice of intent to revoke ("NOIR"), which speaks for itself, and defendants respectfully refer the Court to the NOIR for a complete and accurate statement of its contents.

24. The first sentence of paragraph 24 consists of conclusions of law to which no response is required. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24.

25. Admit the allegations in paragraph 25.

26. Admit the allegations in paragraph 26.

27. Admit that plaintiff submitted a brief in support of her Motion to Reopen, and respectfully refer the Court to that brief for a complete and accurate statement of its contents. To the extent that plaintiff purports to incorporate that brief into the instant Amended Complaint, defendants deny that plaintiff is entitled to the relief she seeks.

28. Admit the first sentence of paragraph 28. The remainder of paragraph 28 consists of plaintiff's characterization of USCIS's decision dated February 21, 2013 and the cited court decision, which speak for themselves, and defendants respectfully refer the Court to the USCIS's decision and court decision for complete and accurate statements of their contents.

29. Admit the allegations in paragraph 29. To the extent that plaintiff purports to incorporate the brief submitted in support of her second Motion to Reopen into the instant Amended Complaint, defendants deny that plaintiff is entitled to the relief she seeks.

30. Admit the first sentence of paragraph 30. The second sentence of paragraph 30 consists of plaintiff's characterization of USCIS's decision dated June 28, 2013, which speaks for itself, and defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents

31. The first sentence of paragraph 31 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, defendants deny the allegations in the first sentence of paragraph 31.  With respect to the fourth sentence of paragraph 31, aver that, subsequent to plaintiff's filing of the Amended Complaint, the parties entered into a stipulation and order (Dkt. # 9) providing that the Employment Authorization Card issued by USCIS to plaintiff on September 9, 2012 will remain valid during the pendency of this litigation, up to its expiration of date of September 18, 2014.

32. Paragraph 32 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, defendants deny the allegations in paragraph 32.

33. Admit the allegations in the first and second sentences of paragraph 33.  The remainder of paragraph 33 consists of plaintiff's characterization of USCIS's decision dated September 9, 2013, which speaks for itself, and defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 34.  The remainder of paragraph 34 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, aver that, subsequent to plaintiff's filing of the Amended Complaint, the parties entered into a stipulation and order (Dkt. # 9) providing that the Employment Authorization Card issued by USCIS to plaintiff on September 9, 2012 will remain valid during the pendency of this litigation, up to its expiration of date of September 18, 2014.

35. Paragraph 35 consists of plaintiff's characterization of USCIS's decision dated September 9, 2013, which speaks for itself, and defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents.

36. Paragraph 36 consists of plaintiff's characterization of USCIS's decision dated September 9, 2013, which speaks for itself, and defendants respectfully refer the Court to that decision for a complete and accurate statement of its contents.

37. Paragraph 37 consists of plaintiff's characterizations of USCIS's decision dated September 9, 2013 and the cited regulation, which speak for themselves, and defendants respectfully refer the Court to the decision and cited regulation for complete and accurate statements of their contents.

38. Paragraph 38 consists of plaintiff's characterization of USCIS's decision dated September 9, 2013 and other administrative and judicial decisions, which speak for themselves, and defendants respectfully refer the Court to those decisions for complete and accurate statements of their contents.

39. Paragraph 39 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 39.

## ADDITIONAL BASIS FOR STANDING

40. Paragraph 40 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 40. Moreover, to the extent that paragraph 40 consists of plaintiff's characterization of the cited regulations and case law, defendants respectfully refer the Court to the regulations and case law for complete and accurate statements of their contents.

41. Paragraph 41 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 41. Moreover, to the extent that paragraph 41 consists of plaintiff's characterization of the cited case

law, defendants respectfully refer the Court to that case law for a complete and accurate statement of its contents.

## CAUSES OF ACTION
### COUNT I
### Administrative Procedures Act
### Violation under 5 U.S.C. 706(2)(A) and (B)
### with Respect to I-140 and I-485 and related applications

42. Defendants repeat and reincorporate herein their answers to paragraphs 1 through 41 of the Amended Complaint.

43. Paragraph 43 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 43.

44. Paragraph 44 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 44.

45. Paragraph 45 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 45.

46. Paragraph 46 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 46.

47. Paragraph 47 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 47.

48. Paragraph 48 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 48.

49. Paragraph 49 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 49.

50. Paragraph 50 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 50.

## COUNT II
## Due Process Violation
## with Respect to I-140 and I-485 and related applications

51. Defendants repeat and reincorporate herein their answers to paragraphs 1 through 50 of the Amended Complaint.

52. Paragraph 52 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 52.

53. Paragraph 53 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 53.

54. Paragraph 54 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 54.

## COUNT III – Request for Attorney's Fees under EAJA
## 28 U.S.C. 2412(d) and 5 U.S.C. 504 et seq.

55. Defendants repeat and reincorporate herein their answers to paragraphs 1 through 54 of the Amended Complaint.

56. Deny the allegations in paragraph 56.

57. Paragraph 57 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 57.

58. Paragraph 58 consists of conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 58.

\* \* \*

The remainder of the Amended Complaint consists of plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, defendants deny that plaintiff is entitled to the relief she seeks.

**AFFIRMATIVE DEFENSES**

1. The Court lacks jurisdiction to review USCIS's revocation of the I-140 because the revocation is, by statute, a discretionary act that is not subject to judicial review.  8 U.S.C. §§ 1155, 1252(a)(2)(B)(ii).

2. Plaintiff lacks standing to challenge USCIS's revocation of the I-140 because she does not qualify as an "affected party."  8 C.F.R. § 103.3(a)(1)(iii)(B).

3. Plaintiff fails to state a claim on which relief may be granted with respect to USCIS's denial of her I-485 application because that application is not approvable unless a valid I-140 is in place, and the I-140 on which plaintiff relies has been revoked.  8 U.S.C. § 245(a); 8 C.F.R. § 245.2(a)(2)(i).

4. Plaintiff fails to state a claim for a constitutional violation because revocation of the I-140 is a matter of discretion and does not derive from any fundamental right.

Dated:   New York, New York
         January 16, 2014

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By:   /s/ Christopher Connolly
CHRISTOPHER CONNOLLY
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2761
Fax: (212) 637-2786
E-mail: christopher.connolly@usdoj.gov