**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------ x
GANGA MANTENA,                                      :
                                                    :
                          Plaintiff,                :
                                                    :
              v.                                    :
                                                    :    13 Civ. 5300 (LGS)
JANET NAPOLITANO, Secretary, U.S. Department of     :
Homeland Security; ALEJANDRO MAYORKAS,              :
Director, U.S. Citizenship and Immigration Services; and :
MARK J. HAZUDA, Director of the Nebraska Service    :
Center, U.S. Citizenship and Immigration Services,  :
                                                    :
                          Defendants.               :
------------------------------------------------------------------ x
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
THE AMENDED COMPLAINT**

PREET BHARARA
United States Attorney for the
Southern District of New York
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2761
Fax: (212) 637-2786

CHRISTOPHER CONNOLLY
Assistant United States Attorney
—Of Counsel—

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................1

BACKGROUND ...........................................................................................2

    A.    The Employment-Based Immigration System.............................................2

    B.    Mantena's Employment History, the I-140 Petition, and the I-485 Application.....................................................................................3

    C.    Mantena's Motions to Reopen and USCIS's Decisions .............................4

    D.    The Instant Action......................................................................5

ARGUMENT ...............................................................................................6

    A.    Standards of Review .....................................................................6

    B.    Mantena Lacks Standing to Challenge USCIS's Revocation of the I-140 Petition Obtained by VSG.................................................7

    C.    USCIS's Revocation of the I-140 Petition is a Discretionary Decision That is Not Subject to Judicial Review........................................9

    D.    Mantena Fails to State a Claim for Relief With Respect to USCIS's Denial of Her I-485 Application ................................................11

    E.    USCIS's Actions Did Not Violate Mantena's Due Process Rights..........13

CONCLUSION............................................................................................14

## TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGE**

*ANA Int'l Inc. v. Way*,
    393 F.3d 886 (9th Cir. 2004) .......................................................................11

*Abdelwahab v. Frazier*,
    578 F.3d 817, 821 (8th Cir. 2009) ................................................................10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).......................................................................................7

*Azizi v. Thornburgh*,
    908 F.2d 1130 (2d Cir. 1990)........................................................................13

*Ballentine v. United States*,
    486 F.3d 806 (3d Cir. 2007)...........................................................................7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).......................................................................................7

*Betancur v. Roark*,
    No. 10-11131-RWZ, 2012 WL 4862774 (D. Mass. Oct. 15, 2012) .........................3, 8, 13

*Blacher v. Ridge*,
    436 F. Supp. 2d 602 (S.D.N.Y. 2006)........................................................2, 8

*Cervantes-Ascencio v. INS*,
    326 F.3d 83 (2d Cir. 2003)............................................................................13

*Citibank, N.A. v. Morgan Stanley & Co. International, PLC*,
    724 F. Supp. 2d 407 (S.D.N.Y. 2010)............................................................6

*Cleveland v. Caplaw Enterprises*,
    448 F.3d 518 (2d Cir. 2006)...........................................................................6

*Delgado v. Quarantillo*,
    643 F.3d 52 (2d Cir. 2011)...........................................................................10

*Drax v. Reno*,
    338 F.3d 98 (2d Cir. 2003)...........................................................................12

*El-Khader v. Monica*,
    366 F.3d 562 (7th Cir. 2004) .......................................................................10

*Feimei Li v. Renaud*,
 907 F. Supp. 2d 230 (S.D.N.Y. 2010), *aff'd* 654 F.3d 376 (2d Cir. 2011) .........................8

*Firstland International Inc. v. INS*,
 377 F.3d 127 (2d Cir. 2004).....................................................................................................10

*Flores v. Reno*,
 507 U.S. 292 (1993).................................................................................................................13

*George v. Napolitano*,
 693 F. Supp. 2d 125 (D.D.C. 2010) ....................................................................................8, 12

*Ghanem v. Upchurch*,
 481 F.3d 222 (5th Cir. 2007) ...................................................................................................10

*Green v. Napolitano*,
 627 F.3d 1341 (10th Cir. 2010) ...............................................................................................10

*Herrera v. USCIS*,
 571 F.3d 881 (9th Cir. 2009) .......................................................................................11, 12, 13

*Ibraimi v. Chertoff*,
 No. 07-CV-3644 (DMC), 2008 WL 3821678 (D.N.J. Aug. 12, 2008)................................8

*Ilybaev v. Kane*,
 847 F. Supp. 2d 1168 (D. Ariz. 2012) .....................................................................................11

*Jilin Pharm. USA, Inc. v. Chertoff*,
 447 F.3d 196 (3d Cir. 2006).....................................................................................................10

*Karpeeva v. USCIS*,
 432 Fed. Appx. 919 (11th Cir. 2011).......................................................................................10

*Koziara v. City of Casselberry*,
 392 F.3d 1302 (11th Cir. 2004) .................................................................................................7

*Kurapati v. USCIS*,
 --- F. Supp. 2d ----, 2013 WL 2477228 (M.D. Fla. June 10, 2013) ..................................8, 12

*Magalhaes v. Napolitano*,
 941 F. Supp. 2d 150 (D. Mass. 2013) ......................................................................................11

*Makarova v. United States*,
 201 F.3d 110 (2d Cir. 2000)......................................................................................................6

*Mohammad v. Napolitano*,
  680 F. Supp. 2d 1 (D.D.C. 2009) ................................................................................11

*In re NYSE Specialists Sec. Litigation*,
  503 F.3d 89 (2d Cir. 2007) ...........................................................................................7

*Norton v. Larney*,
  266 U.S. 511 (1925) ......................................................................................................6

*Pai v. USCIS*,
  810 F. Supp. 2d 102 (D.D.C. 2011) ...........................................................................8, 9

*Patel v. USCIS*,
  732 F.3d 633 (6th Cir. 2013) .......................................................................................8

*Rojas-Reyes v. INS*,
  235 F.3d 115 (2d Cir. 2000) .......................................................................................13

*Robinson v. Overseas Military Sales Corp.*,
  21 F.3d 502 (2d Cir. 1994) ...........................................................................................6

*Scheuer v. Rhodes*,
  416 U.S. 232 (1974) ......................................................................................................6

*Sheppard v. Beerman*,
  18 F.3d 147 (2d Cir. 1994) ...........................................................................................7

*Shipping Finance Services Corp. v. Drakos*,
  140 F.3d 129 (2d Cir. 1998) .........................................................................................6

*Smirnov v. Clinton*,
  806 F. Supp. 2d 1 (D.D.C. 2011) ................................................................................13

*United States ex rel. Knauff v. Shaughnessy*,
  338 U.S. 537 (1950) ....................................................................................................13

*Valley Forge Christian College v. Americas United for Separation of Church & State,
  Inc.*,
  454 U.S. 464 (1982) ......................................................................................................9

*Vemuri v. Napolitano*,
  845 F. Supp. 2d 125 (D.D.C. 2012) ..............................................................................9

*Warth v. Seldin*,
  422 U.S. 490 (1975) ...................................................................................................7, 9

*Whitmore v. Arkansas,*
    495 U.S. 149 (1990)............................................................................6

**STATUTES**

5 U.S.C. § 701(a)(1)..............................................................................10

5 U.S.C. § 706(2)(A)..............................................................................5

8 U.S.C. § 245(a)..................................................................................12

8 U.S.C. § 1101(a)(15)(H)(i)(b)..............................................................2

8 U.S.C. § 1135(b)(3)(C)........................................................................2

8 U.S.C. § 1153(b)................................................................................7

8 U.S.C. § 1153(b)(2)............................................................................10

8 U.S.C. § 1153(b)(3)............................................................................10

8 U.S.C. § 1154(a)(1)(F).................................................................7, 10, 14

8 U.S.C. § 1154(j)................................................................................12

8 U.S.C. § 1155.............................................................................. *passim*

8 U.S.C. § 1182(a)(5)(A)(I)....................................................................2

8 U.S.C. § 1252....................................................................................10

8 U.S.C. § 1252(a)(2)(B)(ii)..............................................................9, 14

8 U.S.C. § 1255(a)................................................................................3

18 U.S.C. § 1341..................................................................................3

**RULES AND REGULATIONS**

Fed. R. Civ. P. 12(b)(1)........................................................................6

Fed. R. Civ. P. 12(b)(6)........................................................................6

Fed. R. Civ. P. 12(c)............................................................................6

Fed. R. Civ. P. 25(d)............................................................................1

8 C.F.R. § 103.3(a)(1)(ii) ..................................................................................................7

8 C.F.R. § 103.3(a)(1)(iii)(B) ..........................................................................................8, 9

8 C.F.R. § 204.2(i)(l)(iv) ..................................................................................................12

8 C.F.R. § 204.5(a) ............................................................................................................2

8 C.F.R. § 204.5(c) .........................................................................................................1, 7

8 C.F.R. § 204.5(n)(1) .......................................................................................................3

8 C.F.R. § 204.5(n)(2) .......................................................................................................7

8 C.F.R. § 205.2 ...............................................................................................................12

8 C.F.R. § 214(h) ...............................................................................................................2

8 C.F.R. § 245.2(a)(2)(i) ..................................................................................................12

Defendants Jeh Johnson, Secretary of the United States Department of Homeland Security ("DHS"); Lori Scialabba, Acting Director of United States Citizenship and Immigration Services ("USCIS"); and Mark J. Hazuda, Director of the USCIS Nebraska Service Center (collectively, "defendants" or the "Government"),[1] by their attorney, Preet Bharara, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint ("Am. Compl.") (Dkt. # 8) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c).

## PRELIMINARY STATEMENT

Plaintiff Ganga Mantena ("Mantena"), a native and citizen of India, was previously the beneficiary of an approved Form I-140 Immigrant Petition for Alien Worker ("I-140 petition") obtained by her former employer, Vision Systems Group, Inc. ("VSG"). After VSG's president pled guilty in federal court to mail fraud in connection with a petition filed on behalf of another employee, USCIS notified VSG of its intent to revoke other approved petitions that VSG had obtained, including the I-140 petition that VSG procured on Mantena's behalf. After VSG failed to respond to the notice, USCIS revoked the I-140 petition. Further, USCIS denied Mantena's pending Form I-485 Application for Adjustment of Status to Lawful Permanent Resident ("I-485 application") because, absent the approved I-140 petition, Mantena was not eligible to adjust her status.

Mantena now challenges USCIS's revocation of VSG's I-140 petition and the denial of her I-485 application. As explained below, however, the Amended Complaint should be dismissed. As a threshold matter, the Court lacks subject matter jurisdiction over Mantena's claims for two reasons. First, as the beneficiary of the I-140 petition, Mantena lacks standing to

---

[1]     Pursuant to Federal Rule of Civil Procedure 25(d), Jeh Johnson is substituted as a defendant in place of former Secretary of DHS Janet Napolitano, and Lori Scialabba is substituted as a defendant in place of former Director of USCIS Alejandro Mayorkas.

challenge USCIS's revocation; only VSG, the visa petitioner, is an affected party with standing

to challenge the revocation.  Second, USCIS's revocation of VSG's I-140 petition is a

discretionary act committed to the agency that Congress has, by statute, divested from judicial

review.  Mantena also fails to state a claim on which relief may be granted with respect to the

denial of her I-485 application because that application is premised on Mantena's possession of a

valid visa petition, and the revocation of the I-140 petition therefore rendered her statutorily

ineligible to adjust her status to lawful permanent resident.  Finally, Mantena fails to state a

claim for a due process violation because she fails to plead any basis for her purported due

process right in connection with the I-140 petition and I-485 application, and, moreover, courts

have routinely held that discretionary relief applications do not implicate substantive due process

rights.  The procedural protections that emanate from the due process clause therefore do not

apply.  Accordingly, the Amended Complaint should be dismissed.

## BACKGROUND

**A.**     **The Employment-Based Immigration System**

       This case implicates the statutory and regulatory framework through which U.S.

employers may obtain authorization for non-citizens to work in the United States.  As relevant to

the instant matter, U.S. employers may obtain "H1-B" visas on behalf of aliens who they intend

to hire to fill a "specialty occupation."  *See* 8 U.S.C. § 1101(a)(15)(H)(i)(b); 8 C.F.R. § 214(h);

*see also Blacher v. Ridge*, 436 F. Supp. 2d 602, 605 (S.D.N.Y. 2006).  Next, employers must

obtain a labor certification on behalf of the employee from the Department of Labor ("DOL").

*See* 8 U.S.C. §§ 1135(b)(3)(C); 1182(a)(5)(A)(I).  After DOL issues the labor certification, the

employer files an I-140 petition with USCIS to obtain an employment-based visa for the alien

employee.  8 C.F.R. §§ 204.5(a), (c).  "Because the employer files the I-140, the employer is

known in this context as the 'petitioner,' while the immigrant to be employed is the 'beneficiary.'" *Betancur v. Roark*, No. 10-11131-RWZ, 2012 WL 4862774, at *1 (D. Mass. Oct. 15, 2012). If USCIS approves the employer's I-140 petition, the alien may then submit an I-485 application to USCIS seeking adjustment of her status to lawful permanent resident. 8 U.S.C. § 1255(a); 8 C.F.R. § 204.5(n)(1).

**B.      Mantena's Employment History, the I-140 Petition, and the I-485 Application**

Mantena is a native and citizen of India. Am. Compl. ¶¶ 1, 13. In 2003, VSG filed a petition for an H-1B visa on Mantena's behalf, and in May 2003, following that petition's approval, she began work for VSG as a software engineer. *Id.* ¶ 15. VSG subsequently filed a labor certification application on Mantena's behalf with DOL, and DOL approved that application in January 2006. *Id.* ¶ 16.

In or about September 2006, VSG filed an I-140 petition on Mantena's behalf with USCIS. *Id.* ¶ 17. The USCIS Nebraska Service Center approved the I-140 petition in or about December 2006. *Id.* & Ex. I (I-140 approval notice dated Dec. 27, 2006). In or about August 2007, based on her approved I-140, Mantena filed an I-485 application to adjust her status to lawful permanent resident. *Id.* ¶ 18 & Ex. 2 (notice of receipt of I-485 application). In December 2009, while her I-485 was still pending, Mantena informed USCIS that she had changed employment and was now working as a software engineer for CNC Consulting, Inc. ("CNC"). *Id.* ¶ 19 & Ex. 3 (notification of change of employment dated Dec. 16, 2009).

In October 2010, the president of VSG pled guilty to Mail Fraud in violation of 18 U.S.C. § 1341 in connection with a petition filed on behalf of another VSG employee. *Id.* ¶ 21. On the basis of that conviction, in June 2012, USCIS issued a Notice of Intent to Revoke the I-140 that VSG had obtained on Mantena's behalf. *Id.* ¶¶ 22, 23. In October 2012, after VSG had failed to

respond to the Notice of Intent to Revoke, USCIS revoked the I-140 issued to VSG in connection with its employment of Mantena. *Id*. ¶ 25 & Ex. 5 (USCIS decision revoking I-140 dated Oct. 19, 2012). In November 2012, in light of its revocation of the underlying I-140, USCIS denied Mantena's I-485 application for adjustment of status. *Id*. ¶ 26 & Ex. 6 (USCIS decision denying I-485 dated Nov. 20, 2012).

## C.    Mantena's Motions to Reopen and USCIS's Decisions

In or about December 2012, Mantena filed a motion to reopen or reconsider USCIS's denial of her I-485 application and also requested reversal of the revocation of the I-140. *Id*. ¶ 26 & Exs. 7 (notice of receipt of appeal and notice of appeal), 8 (brief in support of appeal). On February 21, 2013, USCIS granted Mantena's motion to reconsider, but affirmed its previous decision. *Id*. ¶ 28 & Ex. 9 (USCIS decision dated Feb. 21, 2013). Specifically, USCIS determined that (1) Because the I-140 obtained by VSG on Mantena's behalf was revoked for fraud, Mantena could not "port" that application to her new employer, CNC, and (2) because Mantena was merely the beneficiary of the I-140, she lacked standing to challenge the I-140's revocation. *Id*. Ex. 9 at 2. Accordingly, USCIS concluded that because Mantena was no longer the beneficiary of an approved I-140, she failed to meet the statutory prerequisites for adjusting status, and her I-485 was properly denied. *Id*.

In March 2013, Mantena filed a second motion to reopen or reconsider. *Id*. ¶ 29 & Exs. 10 (notice of receipt of appeal and notice of appeal), 11 (brief in support of appeal). USCIS denied the second motion on June 28, 2013, explaining that it provided no new evidence and failed to establish that USCIS's initial decision was incorrect based on the evidence in the record at the time. *Id*. ¶ 30 & Ex. 12 (USCIS decision dated June 28, 2013).

In or about August 2013, after commencing the instant action, Mantena filed a third motion to reopen or reconsider. *Id.* ¶ 33 & Ex. 14 (USCIS decision dated Sept. 9, 2013). On September 9, 2013, USCIS granted the motion to reopen, but nonetheless upheld the revocation of the I-140 and the denial of the I-485. *See id.* Ex. 14. USCIS determined that (1) Mantena lacked standing to challenge the revocation of the I-140 because she was not the "affected party"—her former employer, VSG, would be the only party with standing, *id.* at 4-5; (2) the I-140 was not valid for Mantena to "port" it to her new employer because it had been revoked for cause, *id.* at 5; (3) USCIS was not required to give notice to Mantena concerning its intention to revoke the I-140 because she was merely the beneficiary of that petition, *id.* at 6; and (4) USCIS properly denied the I-485 based on its revocation of the I-140, *id.* at 7.

## D.     The Instant Action

Mantena commenced the instant action on or about July 30, 2013. *See* Complaint (Dkt. # 1). She filed the operative Amended Complaint on or about October 11, 2013. Mantena seeks review of USCIS's revocation of the I-140 and denial of the I-485 pursuant to, among other statutes, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. Specifically, she claims that these actions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," Am. Compl. ¶ 50 (citing 5 U.S.C. § 706(2)(A)), because the fraud for which the I-140 was revoked did not pertain to VSG's petition on Mantena's behalf, *see id.* ¶ 43, USCIS improperly determined that Mantena could not "port" to her new employer, *see id.* ¶ 47, Mantena should have received notice of USCIS's intention to revoke the I-140 and had standing to challenge that revocation, *see id.* ¶¶ 46, 48, and because the I-140 was not properly revoked the denial of her I-485 was improper, *see id.* ¶ 49. Mantena also alleges that USCIS's revocation of the I-140 without notice to her and subsequent denial of her I-485 violated her constitutional

due process rights.  *See id.* ¶¶ 51-53.  Mantena asks the Court to "[r]everse the revocation of VSG's I-140 petition on [her] behalf and reinstate the validity of [her] adjustment of status application."  *Id.*, Prayer for Relief, sub-paragraph (e).

## ARGUMENT

### A.  Standards of Review

On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that subject matter jurisdiction exists over her claims.  *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994); *see also Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990) ("It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue.").  The plaintiff must prove that subject matter jurisdiction exists by a preponderance of the evidence.  *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  In determining whether subject matter jurisdiction exists, the court must "accept as true all material factual allegations in the complaint," *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)), but must refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]," *id.* (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)).

In addition, at any time after the pleadings close and before trial commences, a party may move for judgment on the pleadings under Rule 12(c).  *See Citibank, N.A. v. Morgan Stanley & Co. Int'l, PLC*, 724 F. Supp. 2d 407, 414 (S.D.N.Y. 2010).  "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).  In a challenge under Rule 12(c), the Court must accept as true the non-movant's

allegations and draw all reasonable inferences in the non-movant's favor.  *See id.* at 521;

*Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).  The Court need not accord "[l]egal

conclusions, deductions or opinions couched as factual allegations . . . a presumption of

truthfulness."  *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).  The allegations

in a complaint must meet a standard of "plausibility."  *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that [plaintiff is entitled to relief]."  *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009).

**B.**      **Mantena Lacks Standing to Challenge USCIS's Revocation of the I-140 Petition
            Obtained by VSG**

As a threshold matter, because Mantena was not the I-140 visa petitioner, she lacks

standing to challenge USCIS's revocation of the I-140 petition.  Standing "is the threshold

question in every federal case, determining the power of the court to entertain the suit."  *Warth v.

Seldin*, 422 U.S. 490, 498 (1975).  "A motion to dismiss for want of standing is . . . properly

brought pursuant to [Federal Rule of Civil Procedure] 12(b)(1), because standing is a

jurisdictional matter."  *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

Additionally, "[i]f a plaintiff lacks standing, the 'case' or 'controversy' requirement of Article

III, § 2 of the U.S. Constitution is not satisfied, and the case must be dismissed."  *Koziara v. City

of Casselberry*, 392 F.3d 1302, 1304 (11th Cir. 2004).

Generally, only an employer—in this case, VSG—may file an I-140 petition under 8

U.S.C. § 1153(b).  8 U.S.C. § 1154(a)(1)(F); 8 C.F.R. § 204.5(c).  When an I-140 petition is

denied, the petitioner is informed of the denial and its right to appeal.  8 C.F.R. § 204.5(n)(2).

Most critically for the instant  matter, although "certain unfavorable decisions on applications,

petitions, and other types of cases may be appealed," 8 C.F.R. § 103.3(a)(1)(ii), this right to

appeal applies only to the "affected party," meaning "the person or entity with legal standing in a proceeding. *It does not include the beneficiary of a visa petition*." 8 C.F.R. § 103.3(a)(1)(iii)(B) (emphasis added).

Accordingly, courts have routinely recognized that the rights created by statute and regulation in connection with the petitioning process—including the right to seek judicial review of denials or revocations of petitions—vest in the petitioner, not the beneficiary. *See, e.g., Kurapati v. USCIS*, --- F. Supp. 2d ----, 2013 WL 2477228, at *2 (M.D. Fla. June 10, 2013) ("Kurapati, although a beneficiary of the petition, does not have a right to enforce the petition process."); *Betancur*, 2012 WL 4862774, at *7 n.9 ("As beneficiary of the visa petition, Betancur apparently would not have standing to appeal the revocation of his I-140."); *Pai v. USCIS*, 810 F. Supp. 2d 102, 105 (D.D.C. 2011) ("[T]he I-140 petition is solely the employer's petition. The I-140 petition must be filed and prosecuted by the employer, who is the only party in the agency to challenge the decision with respect to that petition."); *Feimei Li v. Renaud*, 907 F. Supp. 2d 230, 236 n.3 (S.D.N.Y. 2010) ("[J]udicial review of an administrative decision concerning a Form I-130 Petition may be brought only by Petitioner."), *aff'd* 654 F.3d 376 (2d Cir. 2011); *George v. Napolitano*, 693 F. Supp. 2d 125, 130 (D.D.C. 2010) ("In an action seeking review of denial of an I-140 Petition, the prospective employer, and not the alien, is the proper party."); *Ibraimi v. Chertoff*, No. 07-CV-3644 (DMC), 2008 WL 3821678, at *3 (D.N.J. Aug. 12, 2008) ("[T]he affected party is the entity with legal standing to file an appeal and it does not include the beneficiary of the visa."); *Blacher*, 436 F. Supp. 2d at 606 n.3 (employer, not employee, has standing to seek review of denial of an I-140 petition). *But see Patel v. USCIS*, 732 F.3d 633, 635-38 (6th Cir. 2013) (beneficiary had prudential and Article III standing to challenge denial of

I-140 petition); *compare Pai*, 810 F. Supp. 2d at 106-11 (no Article III or prudential standing);

*Vemuri v. Napolitano*, 845 F. Supp. 2d 125, 134 (D.D.C. 2012) (no prudential standing).

Without a right of her own to enforce, Mantena has no standing to challenge USCIS's

revocation of VSG's I-140 petition. *See Valley Forge Christian Coll. v. Ams. United for*

*Separation of Church & State, Inc.*, 454 U.S. 464, 474 (1982) ("[T]he plaintiff generally must

assert his own rights and interests, and cannot rest his claim to relief on the legal rights or

interests of third parties.").  Had it wished to confer standing to beneficiaries, Congress could

have chosen to modify or abrogate the standing requirements in the applicable statutes. *See*

*Warth*, 422 U.S. at 500-01 (recognizing that Congress can provide an explicit right of action in

cases where standing requirements might not otherwise be met).  Here, VSG filed the I-140 on

Mantena's behalf. Am. Compl. ¶ 17.  Therefore, VSG is the visa petitioner, and Mantena is

merely the visa beneficiary.  As the affected party under 8 C.F.R. § 103.3(a)(1)(iii)(B), VSG is

the only entity with standing to challenge USCIS's revocation of the I-140 petition made on

Mantena's behalf.

**C.      USCIS's Revocation of the I-140 Petition is a Discretionary Decision That is Not Subject to Judicial Review**

Furthermore, the Amended Complaint is subject to dismissal under Rule 12(b)(1) because

8 U.S.C. § 1252(a)(2)(B)(ii) divests federal courts of subject matter jurisdiction to review

discretionary decisions made by the Secretary of DHS—including decisions to revoke I-140

petitions.  That provision states that "no court shall have jurisdiction to review . . . any other

decision or action of . . . the Secretary of Homeland Security the authority for which is specified

under this subchapter to be in the discretion of . . . the Secretary of Homeland Security, other

than the granting of relief under section 1158(a) of this title."  8 U.S.C. § 1252(a)(2)(B)(ii).

Furthermore, 8 U.S.C. § 1155 provides: "The Secretary of Homeland Security may at any time,

for what he deems to be good and sufficient cause, revoke the approval of any petition approved

by him under section 1154 of this title."  Section 1154(a)(1)(F), in turn, specifically refers to

employers desiring to classify aliens under 8 U.S.C. §§ 1153(b)(2) and (3).

      Reading these provisions in conjunction, it is clear that USCIS's decision to revoke the I-

140 petition is "not subject to judicial review" because 8 U.S.C. § 1252 divests courts of

jurisdiction to review revocations issued under 8 U.S.C. § 1155—such revocations are statutorily

designated as discretionary agency determinations.[2]  Indeed, the bulk of circuit courts to consider

this issue have held that courts lack jurisdiction to review the revocation of immigration

petitions.  *See Karpeeva v. USCIS*, 432 Fed. Appx. 919, 925 (11th Cir. 2011) ("Given the

statutory discretion conferred upon the Secretary to revoke visa petitions . . . § 1252(a)(2)(B)

precludes judicial review of visa revocation decisions made pursuant to § 1155."); *Green v.

Napolitano*, 627 F.3d 1341, 1346 (10th Cir. 2010) ("the decision to revoke an immigrant visa

under § 1155 is an act of discretion that Congress has withheld from federal court review");

*Abdelwahab*, 578 F.3d at 821 (discretionary decision to revoke visa not subject to judicial

review); *Ghanem v. Upchurch*, 481 F.3d 222, 223 (5th Cir. 2007) (same); *Jilin Pharm. USA, Inc.

v. Chertoff*, 447 F.3d 196, 205 (3d Cir. 2006) (same); *El-Khader v. Monica*, 366 F.3d 562, 568

(7th Cir. 2004) (same).  The Second Circuit, in dicta, made the same observation.  *Firstland Int'l

Inc. v. INS*, 377 F.3d 127, 131-32 (2d Cir. 2004) (recognizing that "the substance of the decision

that there should be a revocation is committed to the discretion of the Attorney General" by §

1155, but concluding the failure to comply with a former statutory notice requirement rendered

the revocation unauthorized and therefore one not "specified" to be discretionary).

---

[2]    Because revocation decisions such as the one at issue in this case are, by statute, not
subject to judicial review, Mantena's claim that the APA provides this Court with jurisdiction
over her claims, *see* Am. Compl. ¶ 6, is incorrect.  APA review is not available to the extent that
"other statutes preclude judicial review."  5 U.S.C. § 701(a)(1); *see also Delgado v. Quarantillo*,
643 F.3d 52, 55 (2d Cir. 2011).

In light of the foregoing statutory authority and case law, this Court should decline to follow the Ninth Circuit's decision in *Herrera v. USCIS*, which held, without analysis, that courts have jurisdiction to review visa revocations.  571 F.3d 881, 885 (9th Cir. 2009); *see also Ilybaev v. Kane*, 847 F. Supp. 2d 1168, 1172-73 (D. Ariz. 2012) (following *Herrera*).  In *Herrera*, the Ninth Circuit relied on its previous decision in *ANA Int'l Inc. v. Way*, 393 F.3d 886, 888-89 (9th Cir. 2004), which held that 8 U.S.C. § 1155's "good and sufficient cause" language "constitutes a legal standard the meaning of which [courts] retain jurisdiction to clarify."  But as the dissent in *ANA Int'l* noted, the full portion of the relevant text in 8 U.S.C. § 1155 provides that the Attorney General may revoke a visa petition "at any time" for "*what he deems to be* good and sufficient cause."  *Id.* at 898 (Tallman, J., dissenting) (emphasis in original); *see also Magalhaes v. Napolitano*, 941 F. Supp. 2d 150, 152-53 (D. Mass. 2013) ("This Court is, however, more persuaded by the dissent in *ANA Int'l* which noted that the majority opinion 'fails to consider and give effect to the words 'what he deems to be' in § 1155, which clearly imply discretion.'" (quoting *ANA Int'l*, 393 F.3d at 897)); *Mohammad v. Napolitano*, 680 F. Supp. 2d 1, 6-7 (D.D.C. 2009) ("[T]he Court finds the dissenting opinion in *ANA International* much more persuasive.").  In other words, "§ 1155 provides that the Attorney General gets to decide whether and when to act for whatever reasons he alone believes are good and sufficient," *ANA Int'l*, 393 F.3d at 898, and courts lack jurisdiction to entertain challenges, like Mantena's, that seek to overturn the discretionary decision to revoke a visa petition.

**D.    Mantena Fails to State a Claim for Relief With Respect to USCIS's Denial of Her I-485 Application**

Because Mantena lacks standing to challenge the revocation of the I-140, and because, in any event, the Court lacks jurisdiction to review USCIS's discretionary decision to revoke the petition, Mantena fails to state a claim for which relief may be granted concerning USCIS's

denial of her I-485 application.  Approval of an I-485 application is contingent on the applicant's possession of a valid immigrant visa.  *See* 8 U.S.C. § 245(a); 8 C.F.R. § 245.2(a)(2)(i); *see also Drax v. Reno*, 338 F.3d 98, 113 (2d Cir. 2003) (describing the "adjustment of status regime").  Here, because USCIS revoked the I-140 petition upon which Mantena's I-485 application was based, she fails to meet the statutory and regulatory requirements for adjustment of status.  *See, e.g., Kurapati*, 2013 WL 2477228, at *4; *George*, 693 F. Supp. 2d at 130-31.

Nor does Mantena's argument that she had "ported" her I-140 petition to CNC succeed.  The portability provision codified at 8 U.S.C. § 1154(j) envisions an employee's ability to move to a new employer and preserve the validity of an I-140 petition, but it does not change the employee-beneficiary's standing vis-à-vis the I-140 petition or circumscribe USCIS's authority to revoke or deny an I-140 petition.  *See George*, 693 F. Supp. 2d at 130 (finding that beneficiary lacked standing to challenge denial of an I-140 petition even where he had "ported" the petition to a new employer); *Herrera*, 571 F.3d at 889 (determining that nothing in the portability provision in 8 U.S.C. § 1154(j) suggests that it altered USCIS's revocation authority under 8 U.S.C. § 1155).  Contrary to what Mantena suggests, *see* Am. Compl. ¶ 20, Congress did not provide that a beneficiary of an I-140 petition converts to a self-petitioner when the beneficiary-alien changes employment.  *Compare* 8 U.S.C. § 1154(j) *with* 8 C.F.R. § 204.2(i)(l)(iv) (providing for conversion of I-130 petition to I-130 self-petition upon death of U.S. citizen petitioning spouse).  Thus, because an I-140 beneficiary lacks standing to challenge the revocation of a petitioner's I-140 petition after porting (and, for that matter, before porting), the revocation upon notice requirement under 8 C.F.R. § 205.2 does not oblige USCIS to provide notice of an intent to revoke to any entity but the petitioner of the I-140.  Furthermore, and also in contrast to Mantena's claims, *see* Am. Compl. ¶¶ 19, 38, USCIS's authority to revoke a visa

petition for fraud "at any time" is not curtailed simply because the beneficiary's corresponding I-485 application was pending for more than 180 days.  *See Herrera*, 571 F.3d at 886-89.

**E.      USCIS's Actions Did Not Violate Mantena's Due Process Rights**

Finally, Mantena fails to state a claim for a violation of her due process rights based on USCIS's actions in revoking the I-140 petition and denying the I-485 application.  As a threshold matter, although Mantena alleges that "the denial of the I-140 Petition and the I-485 along with the effective cutting off of related employment authorization and travel permission violated her substantive Due Process rights," Am. Compl. ¶ 54, she fails to assert the nature of those purported rights or specify from where they are derived.  *See Flores v. Reno*, 507 U.S. 292, 302 (1993) ("'Substantive due process' analysis must begin with a careful description of the asserted right.").  Indeed, courts have found that plaintiffs in Mantena's position lack any liberty or property interest in a visa petition implicating their due process rights.  *See Azizi v. Thornburgh*, 908 F.2d 1130, 1134 (2d Cir. 1990) (neither an alien beneficiary nor his American petitioner wife has an "inherent property right in an immigrant visa"); *Betancur, 2012 WL 4862774*, at *9 (USCIS "did not violate Costa's Fifth Amendment right to due process because Costa had no property interest in his I-140." (citing *Smirnov v. Clinton*, 806 F. Supp. 2d 1, 12 (D.D.C. 2011) ("[T]here is no property right in an immigrant visa.")); *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 542-44 (1950) (visas are a privilege, not a right)).

Indeed, the discretionary nature of the petitions at issue here underscores Mantena's lack of a viable due process claim.  Where aliens allege due process violations on the basis of discretionary relief applications, courts routinely find no liberty or property interest sufficient to make out a due process claim.  *See, e.g., Cervantes-Ascencio v. INS*, 326 F.3d 83, 86 (2d Cir. 2003); *Rojas-Reyes v. INS*, 235 F.3d 115, 122-24 (2d Cir. 2000); *Azizi*, 908 F.2d at 1134-36.

Here, as explained above, the issuance and revocation of the I-140 petition are discretionary acts committed to the Attorney General.  8 U.S.C. § 1252(a)(2)(B)(ii); 8 U.S.C. § 1155; 8 U.S.C. § 1154(a)(1)(F).  Thus, the visa petition is not a substantive right that is protected under the liberty or property provisions in the due process clause, and the procedural protections in the due process clause do not apply to Mantena's case.  Accordingly, Mantena cannot state a claim for relief based on a purported due process violation.

## **CONCLUSION**

For the foregoing reasons, the Amended Complaint should be dismissed.

Dated:    New York, New York
             February 20, 2014

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York

                        By:      /s/ Christopher Connolly
                                 CHRISTOPHER CONNOLLY
                                 Assistant United States Attorney
                                 86 Chambers Street
                                 New York, New York 10007
                                 Tel.: (212) 637-2761
                                 Fax: (212) 637-2786
                                 E-mail: christopher.connolly@usdoj.gov