UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
GANGA MANTENA,                                    :
                                                  :
                  Plaintiff,    :
                                                  :
       v.                                         :
                                                  :    13 Civ. 5300 (LGS)
JANET NAPOLITANO, Secretary, U.S. Department of   :
Homeland Security; ALEJANDRO MAYORKAS,            :
Director, U.S. Citizenship and Immigration Services; and :
MARK J. HAZUDA, Director of the Nebraska Service  :
Center, U.S. Citizenship and Immigration Services, :
                                                  :
                  Defendants.   :
------------------------------------------------------------------ x


## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT


                                                    PREET BHARARA
                                                    United States Attorney for the
                                                    Southern District of New York
                                                    86 Chambers Street
                                                    New York, New York 10007
                                                    Tel.: (212) 637-2761
                                                    Fax: (212) 637-2786


CHRISTOPHER CONNOLLY
Assistant United States Attorney
    —Of Counsel—

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................1

ARGUMENT ...................................................................................................................2

  A. The Court Lacks Subject-Matter Jurisdiction Over Mantena's Challenge to USCIS's Revocation of the I-140 Petition Obtained by VSG..................................................................................................2

    1. Mantena Lacks Standing to Challenge the Revocation of the I-140 Petition..................................................................................2

    2. USCIS's Revocation of the I-140 Petition is a Discretionary Decision That is Not Subject to Judicial Review, and 8 U.S.C. § 1252(a)(2)(D) Does Not Provide This Court With Jurisdiction ..................................................................................5

  B. Mantena Fails to State a Claim for Relief With Respect to USCIS's Denial of Her I-485 Application ................................................................9

  E. USCIS's Actions Did Not Violate Mantena's Due Process Rights...........10

CONCLUSION................................................................................................................10

## TABLE OF AUTHORITIES

**CASES** **PAGE**

*ANA Int'l Inc. v. Way*,
 393 F.3d 886 (9th Cir. 2004) ..................................................................................................8

*Azizi v. Thornburgh*,
 908 F.2d 1130 (2d Cir. 1990)................................................................................................10

*Ballentine v. United States*,
 486 F.3d 806 (3d Cir. 2007)....................................................................................................4

*Betancur v. Roark*,
 No. 10-11131-RWZ, 2012 WL 4862774 (D. Mass. Oct. 15, 2012) ...............................4, 10

*Cervantes-Ascencio v. INS*,
 326 F.3d 83 (2d Cir. 2003)....................................................................................................10

*Cruz-Miguel v. Holder*,
 650 F.3d 189 (2d Cir. 2011)....................................................................................................9

*Feimei Li v. Renaud*,
 907 F. Supp. 2d 230 (S.D.N.Y. 2010), *aff'd* 654 F.3d 376 (2d Cir. 2011) ..........................4

*Firstland International Inc. v. INS*,
 377 F.3d 127 (2d Cir. 2004)....................................................................................................7

*Flores v. Reno*,
 507 U.S. 292 (1993)...............................................................................................................10

*Garcia v. Attorney General*,
 553 F.3d 724 (3d Cir. 2009)....................................................................................................7

*George v. Napolitano*,
 693 F. Supp. 2d 125 (D.D.C. 2010) ...................................................................................3, 9

*Herrera v. USCIS*,
 571 F.3d 881 (9th Cir. 2009) ......................................................................................8, 9, 10

*Ibraimi v. Chertoff*,
 No. 07-CV-3644 (DMC), 2008 WL 3821678 (D.N.J. Aug. 12, 2008)................................3

*Kurapati v. USCIS*,
 950 F. Supp. 2d 1230 (M.D. Fla. 2013)................................................................................3

*Magalhaes v. Napolitano*,
    941 F. Supp. 2d 150 (D. Mass. 2013) ...................................................................................8

*Mendez v. Holder*,
    566 F.3d 316 (2d Cir. 2009) ..................................................................................................6

*Mohammad v. Napolitano*,
    680 F. Supp. 2d 1 (D.D.C. 2009) ..........................................................................................8

*Pai v. USCIS*,
    810 F. Supp. 2d 102 (D.D.C. 2011) ......................................................................................4

*Patel v. Johnson*,
    --- F. Supp. 2d ----, 2014 WL930823 (D. Mass. Mar. 11, 2014) ..................................6, 10

*Rojas-Reyes v. INS*,
    235 F.3d 115 (2d Cir. 2000) ................................................................................................10

*Shabaj v. Holder*,
    718 F.3d 48 (2d Cir. 2013) ................................................................................................6, 7

*Sharkey v. Quarantillo*,
    541 F.3d 75 (2d Cir. 2008) ....................................................................................................7

*Sheng Goa Ni v. BIA*,
    520 F.3d 125 (2d Cir. 2008) ..................................................................................................7

*Smirnov v. Clinton*,
    806 F. Supp. 2d 1 (D.D.C. 2011) ........................................................................................10

**STATUTES**

8 U.S.C. § 1153(b)(2) ....................................................................................................................5

8 U.S.C. § 1154 ..............................................................................................................................7

8 U.S.C. § 1154(a)(1)(F) ............................................................................................................2, 5

8 U.S.C. § 1154(j) ..........................................................................................................................9

8 U.S.C. § 1155 ..............................................................................................................................5

8 U.S.C. § 1252(a)(2)(B)(ii) ..........................................................................................................5

8 U.S.C. § 1252(a)(2)(D) ...............................................................................................................6

8 U.S.C. § 1255 ................................................................................................................................7

**RULES AND REGULATIONS**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................1, 2, 5

Fed. R. Civ. P. 12(c) ........................................................................................................................1

Fed. R. Civ. P. 25(d) ........................................................................................................................1

8 C.F.R. § 103.2(b)(16) ...................................................................................................................3

8 C.F.R. § 103.3(a)(1)(iii)(B) ..........................................................................................................3

8 C.F.R. § 204.5(n)(2) .....................................................................................................................2

**PRELIMINARY STATEMENT**

Defendants Jeh Johnson, Secretary of the United States Department of Homeland Security ("DHS"); Lori Scialabba, Acting Director of United States Citizenship and Immigration Services ("USCIS"); and Mark J. Hazuda, Director of the USCIS Nebraska Service Center (collectively, "defendants" or the "Government"),[1] by their attorney, Preet Bharara, United States Attorney for the Southern District of New York, respectfully submit this reply memorandum of law in further support of their motion to dismiss the Amended Complaint filed by plaintiff Ganga Mantena ("Am. Compl.") (Dkt. # 8) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c).

As set forth in the Government's opening brief ("Gov't Br.") (Dkt. # 19), the Amended Complaint is subject to dismissal on several grounds.  First, the Court lacks subject-matter jurisdiction to consider Mantena's challenge to USCIS's revocation of the I-140 petition obtained by Mantena's former employer, VSG, because (i) as the beneficiary of that petition, rather than the petitioner, Mantena lacks standing to challenge USCIS's revocation, and (ii) even if she had standing, USCIS's decision to revoke an I-140 petition is discretionary and is not subject to judicial review.  Second, because approval of Mantena's I-485 application for adjustment of status would be contingent on her status as the beneficiary of the I-140 petition, and because that petition was revoked, she fails to state a claim for which relief may be granted with respect to USCIS's denial of the I-485.  Finally, Mantena fails to state a claim for a due process violation because she fails to plead any basis for her purported due process rights in connection with the I-140 petition and I-485 application and, moreover, courts have routinely

---

[1]  Pursuant to Federal Rule of Civil Procedure 25(d), Jeh Johnson is substituted as a defendant in place of former Secretary of DHS Janet Napolitano, and Lori Scialabba is substituted as a defendant in place of former Director of USCIS Alejandro Mayorkas.

held that discretionary relief applications do not implicate substantive due process rights. Mantena's opposition brief ("Pl.'s Opp.") (Dkt. 20) fails to rebut the Government's arguments.[2] Accordingly, the Amended Complaint should be dismissed.

## ARGUMENT

**A.     The Court Lacks Subject Matter Jurisdiction Over Mantena's Challenge to USCIS's Revocation of the I-140 Petition Obtained by VSG**

The Court lacks subject matter jurisdiction over Mantena's challenges to USCIS's revocation of the I-140 obtained on her behalf by VSG for two reasons. First, because she was the "beneficiary" of the I-140 petition, rather than the "petitioner," she lacks standing to challenge USCIS's decision. Second, in any event, USCIS's decision to revoke an I-140 is discretionary and not subject to judicial review. These claims should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### 1.     Mantena Lacks Standing to Challenge the Revocation of the I-140 Petition

As explained in the Government's opening brief, because her former employer, VSG, was the I-140 visa petitioner, Mantena lacks standing to challenge USCIS's revocation of the I-140 petition. *See* Gov't Br. at 7-9. Generally, only employers such as VSG are eligible to file an I-140 petition. 8 U.S.C. § 1154(a)(1)(F). Accordingly, when an I-140 petition is denied, the petitioner is informed of the denial and its right to appeal, 8 C.F.R. § 204.5(n)(2), and the right to appeal vests only in the "affected party," with the applicable regulation explains "does not

---

[2]     In addition to opposing the Government's motion to dismiss, Mantena also purports to move for summary judgment on her claims. *See* Pl.'s Opp. at 11-24. As explained in the Government's letter to the Court submitted via ECF along with this brief, Mantena's motion is premature in light of the Government's pending motion, contradicts the Court's direction at the conference held on January 21, 2014 and its subsequent scheduling order (Dkt. # 15), and fails to conform with the Court's individual rules of practice, which require a pre-motion conference before a party moves for summary judgment. Accordingly, the Government respectfully requests that consideration of Mantena's substantive claims regarding purported deficiencies in USCIS's decisions, and the time for the Government to oppose that motion, be held in abeyance pending the Court's resolution of the instant motion to dismiss.

include the beneficiary of a visa petition," 8 C.F.R. § 103.3(a)(1)(iii)(B).  Further, despite Mantena's suggestion to the contrary, *see* Pl.'s Opp. at 3, the applicable regulation governing the production of evidence concerning an application for benefits applies to the "applicant or petitioner," not the beneficiary of the petition.  8 C.F.R. § 103.2(b)(16).

Thus, as the Government's brief indicated, numerous courts have recognized that the rights created by statute and regulation in connection with the petitioning process rest with the petitioner (in this case, VSG), not the beneficiary.  *See* Gov't Br. at 8-9 (citing cases).  Mantena's attempts to distinguish some of those cases are unavailing.  *See* Pl.'s Opp. at 4-6.  For example, *Kurapati v. USCIS*, 950 F. Supp. 2d 1230 (M.D. Fla. 2013), is practically indistinguishable on its facts from the instant matter.  Mantena's assertions that *Kurapati* involved "allegations [that] were detailed and set forth with specificity in the Record," and that it "did not allege the type of Constitutional Due Process or the *ultra vires* concerns" as the instant matter, Pl.'s Opp. at 5, have no bearing on the threshold standing issue on which the court's decision was based, *see Kurapati*, 950 F. Supp. 2d at 1234 ("Here, Worldwide filed the I–140 petitions.  Thus, as the 'affected party', Worldwide is the only person that possesses standing to challenge the revocation of the I-140 petitions.  Accordingly, Kurapati does not have standing to pursue this action and this action must be dismissed.").[3]  And Mantena makes no attempt to distinguish either *George v. Napolitano*, 693 F. Supp. 2d 125, 130 (D.D.C. 2010) ("In an action seeking review of denial of an I-140 Petition, the prospective employer, and not the alien, is the proper party."), or *Ibraimi v. Chertoff*, No. 07-CV-3644 (DMC), 2008 WL 3821678, at *3 (D.N.J. Aug.

---

[3]     In addition to finding that the plaintiff lacked standing to challenge USCIS's revocation of the I-140 petition obtained on his behalf, the *Kurapati* court also determined that, in any event, USCIS's revocation of the I-140 was a discretionary decision and therefore not subject to judicial review.  950 F. Supp. 2d at 1234-35; *see also infra* Part B.

12, 2008) ("[T]he affected party is the entity with legal standing to file an appeal and it does not include the beneficiary of the visa."), both of which reached the same conclusion.

Likewise, the fact that the plaintiff in *Pai v. USCIS*, 810 F. Supp. 2d 102 (D.D.C. 2011), "did not challenge USCIS's denial of his own I-485 petition," Pl.'s Opp. at 4, does nothing to change the court's determination with respect to the plaintiff's standing to challenge the denial of the I-140 petition, *see Pai*, 810 F. Supp. 2d at 111-12 ("[T]he petitioner—and not the beneficiary—of a visa application is the proper party with standing to challenge the agency's action."). Similarly, Mantena fails to explain how the lack of a "Constitutional Due Process claim" in *Betancour v. Roarke*, No. 10-11131-RWZ, 2012 WL 4862774 (D. Mass. Oct. 15, 2012), should affect the court's finding that "[a]s the beneficiary of the visa petition, Betancour apparently would not have standing to appeal the revocation of his I-140," *id.* at *7 n.9. Lastly, while Mantena states that the Government's citation to *Feimei Li v. Renaud*, 709 F. Supp. 2d 230 (S.D.N.Y. 2010), was "misleading" because the Government noted that this decision was affirmed by the Second Circuit on appeal, *see* Pl.'s Opp. at 4, the Government cited only the district court decision for the proposition that is applicable here: judicial review of a visa petition (in that case, an I-130 petition) "may be brought only by Petitioner," *Feimei Li*, 709 F. Supp. 2d at 236 n.3; *see also* Gov't Br. at 8.

In short, Mantena fails to distinguish the instant matter from the numerous cases cited by the Government holding that beneficiaries lack standing to challenge agency actions regarding visa petitions. Mantena thus has no standing here, and her claims are subject to dismissal under Fed. R. Civ. P. 12(b)(1). *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

2.  **USCIS's Revocation of the I-140 Petition is a Discretionary Decision That is Not Subject to Judicial Review, and 8 U.S.C. § 1252(a)(2)(D) Does Not Provide This Court With Jurisdiction**

Even if the Court were to find that Mantena possesses standing to challenge the revocation of the I-140 obtained by VSG, her claims are still subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1) because courts lack jurisdiction to review USCIS's revocation of an I-140 petition. *See* Gov't Br. at 9-11. VSG obtained the I-140 petition on Mantena's behalf pursuant to 8 U.S.C. § 1153(b)(2), which sets aside visas to allow United States employers to hire non-citizen professionals with advanced degrees. *See* Am. Compl., Ex. 1 (I-140 approval notice). Section § 1154(a)(1)(F), in turn, provides that "[a]ny employer desiring and intending to employ within the United States an alien entitled to classification under section . . . 1153(b)(2) . . . of this title may file a petition with the Attorney General for such classification." But under 8 U.S.C. § 1155, "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title." And 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of discretionary decisions, such as the decision to revoke a petition approved under section 1154: "no court shall have jurisdiction to review . . . any other decision or action of . . . the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of . . . the Secretary of Homeland Security . . . ."

Accordingly, when read in conjunction, these statutory provisions prevent judicial review of USCIS's decision to revoke VSG's I-140 regardless of whether Mantena would have standing to challenge that decision in the first instance. Indeed, as the Government indicated in its opening brief, the Third, Fifth, Seventh, Eighth, Tenth, and Eleventh circuits have all reached

5

this conclusion, and the Second Circuit has made the same observation in *dicta*. *See* Gov't Br. at 10 (collecting cases).[4]

Mantena's primary jurisdictional argument—that she is alleging "legal error and Constitutional violations," and thus that 8 U.S.C. § 1252(a)(2)(D) provides this Court with jurisdiction over her claims—is incorrect. *See* Pl.'s Opp. at 8-11. Although section 1252(a)(2)(D) provides for judicial review of "constitutional claims or questions of law," it does so only for such claims arising in removal orders "raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." Because Mantena is not petitioning for review of a removal order in an appellate court, section 1252(a)(2)(D) does not apply to her claims. The Second Circuit recently rejected precisely this type of argument within the context of a similar challenge to a discretionary agency decision:

> Even assuming . . . that Shabaj's complaint actually had raised 'constitutional claims or questions of law,' Shabaj's argument ignores [section 1252(a)(2)(D)'s] requirement that any such claims must be raised "upon a *petition for review filed with an appropriate court of appeals*" . . . . Thus, while *this court* would have jurisdiction to review any constitutional claims or questions of law properly raised in a petition for review, the *district court* did not have jurisdiction to review Shabaj's challenge to CIS's discretionary hardship determination.

*Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir. 2013) (emphasis in original).

The majority of the cases that Mantena cites in support of her jurisdictional argument are therefore inapposite, *see* Pl.'s Opp. at 8-9, because they involve constitutional claims or questions of law raised in appellate courts in the context of challenges to removal proceedings. *See Mendez v. Holder*, 566 F.3d 316, 318 (2d Cir. 2009); *Sheng Goa Ni v. BIA*, 520 F.3d 125,

---

[4] Since the Government filed its opening brief, a district court in the District of Massachusetts has likewise concluded that USCIS's decision to revoke a petition is discretionary and not subject to judicial review. *Patel v. Johnson*, --- F. Supp. 2d ----, 2014 WL 930823, at *5-*6 (D. Mass. Mar. 11, 2014).

6

130 (2d Cir. 2008); *Garcia v. Att'y Gen.*, 553 F.3d 724, 725-26 (3d Cir. 2009).[5] Likewise, *Sharkey v. Quarantillo*, 541 F.3d 75 (2d Cir. 2008) does not support Mantena's position. *See* Pl.'s Opp. at 9. The claims in that case arose under a different statute, 8 U.S.C. § 1255, which confers lawful permanent resident status on certain aliens in circumstances not present here. *Sharkey*, 541 F.3d at 85. Furthermore, *Sharkey* did not consider whether the agency had properly exercised its discretion; its review was limited to "whether such a grant [of discretion] had occurred." *Id.* The Second Circuit reasoned that there was no prohibition on the district court's exercise of jurisdiction because its review would "not subject to judicial review any discretionary decision by the agency. The court [would] simply seek to determine what decision was made, not whether the decision was correct or a proper exercise of discretion." *Id.* Indeed, in *Shabaj*, the Second Circuit explained that "*Sharkey* is inapplicable" to claims such as Mantena's, which seek substantive review of a discretionary agency decision. 704 F.3d at 238-39.

Mantena's continued reliance on *Firstland Int'l Inc. v. INS*, 377 F.3d 127 (2d Cir. 2004), is also without merit. *See* Pl.'s Opp. at 8. There, as explained in the Government's opening brief, *see* Gov't Br. at 10, the Second Circuit recognized in *dicta* that "the substance of the decision that there should be a revocation is committed to the discretion of the Attorney General" by section 8 U.S.C. § 1155. *Firstland Int'l*, 377 F.3d at 131-32. Although the Second Circuit proceeded to conclude that the challenged agency action was not "discretionary" because the agency failed to comply with a statutory notice requirement contained in section 1154, *see id.*, that requirement has since been removed from that provision, and thus has no bearing on Mantena's action. *See* 8 U.S.C. § 1154. Relatedly, *Firstland International* predates the REAL

---

[5] Mantena's brief cites to a prior version of the *Garcia* decision, reported at 545 F.3d 252 (3d Cir. 2008), that was subsequently vacated in favor of a version including a dissenting opinion, which was previously omitted. *See Garcia*, 553 F.3d at 725.

ID Act of 2005, Pub. L. No. 109 13, Div. B, Title I, 119 Stat. 231 (effective May 11, 2005), which established the statutory framework for judicial review in 8 U.S.C. § 1252 described above, including subparagraph (D)'s carve-out for certain claims in petitions for review of removal orders filed in the courts of appeal.

Finally, for the reasons provided in the Government's opening brief, in light of the foregoing statutory authority and case law, this Court should decline to follow the Ninth Circuit's decision in *Herrera v. USCIS*, 571 F.3d 881, 885 (9th Cir. 2009), which held, without analysis, that courts have jurisdiction to review visa revocations. Gov't Br. at 11. *Herrera*'s holding on this issue relied on a partial reading of 8 U.S.C. § 1155's language in an earlier Ninth Circuit decision, *ANA Int'l Inc. v. Way*, 393 F.3d 886 (9th Cir. 2004), that both the dissent in *ANA International* and district courts outside of the Ninth Circuit have declined to follow. *See id.* at 898 (Tallman, J., dissenting) (noting that the full portion of the relevant text in section 1155 provides that the Attorney General may revoke a visa petition "at any time" for "*what he deems to be* good and sufficient cause," and thus contending that the majority's reading of the "good and sufficient cause" language as constituting a legal standard subject to judicial review is incorrect); *Magalhaes v. Napolitano*, 941 F. Supp. 2d 150, 152-53 (D. Mass. 2013); *Mohammed v. Napolitano*, 680 F. Supp. 2d 1, 6-7 (D.D.C. 2009). In light of the statutory provisions and appellate case law described above and in the Government's opening brief, this Court should similarly decline to find jurisdiction here.[6]

---

[6] In her opposition brief, Mantena cites *Herrera*, as well as two similar decisions from district courts in the Ninth Circuit, for the proposition that she enjoys standing to challenge the denial of the I-140 obtained by VSG. *See* Pl.'s Opp. at 3. For the reasons described herein, as well as in the Government's opening brief, the Court should decline to follow these decisions to the extent they find that a beneficiary like Mantena has standing to challenge the revocation of an I-140 petition. Moreover, even if the Court were to find these cases persuasive on the standing issue, it should nonetheless instead follow the majority of other circuits to find that it lacks jurisdiction to review USCIS's discretionary revocation.

8

## B.      Mantena Fails to State a Claim for Relief With Respect to USCIS's Denial of Her I-485 Application

In her opposition, Mantena does not respond to the Government's argument that, because the I-140 petition has been revoked, and because her I-485 application for adjustment of status was based on the I-140 petition, she fails to state a claim for relief with respect to USCIS's denial of her I-485. *See* Gov't Br. at 11-12. Accordingly, her challenge to the denial of the I-485 should be dismissed. *See, e.g., George*, 693 F. Supp. 2d at 130-31.

While Mantena raises substantive arguments concerning the "portability" of her I-140 to her new employer, *see* Pl.'s Opp. at 20-24, those arguments are unavailing. Although the portability provision, 8 U.S.C. § 1154(j), envisions an employee's ability to move to a new employer and preserve the validity of an I-140 petition, it does not change the employee-beneficiary's standing vis-à-vis the I-140 petition or circumscribe USCIS's authority to revoke or deny an I-140 petition. *See George*, 693 F. Supp. 2d at 130 (finding that beneficiary lacked standing to challenge denial of an I-140 petition even where he had "ported" the petition to a new employer); *Herrera*, 571 F.3d at 889 (determining that nothing in the portability provision in 8 U.S.C. § 1154(j) suggests that it altered USCIS's revocation authority under 8 U.S.C. § 1155). Nor is Mantena's reliance on the "Yates Memorandum" persuasive on this point. *See* Pl.'s Opp. at 22-23. To begin with, "internal guidance documents" such as "interpretations contained in policy statements, agency manuals, and enforcement guidelines . . . lack the force of law . . . ." *See Cruz-Miguel v. Holder*, 650 F. 3d 189, 200 (2d Cir. 2011) (citation omitted). Moreover, the Yates Memorandum provides that an I-140 is no longer valid for porting purposes when it "is denied or revoked *at any time* except when it is revoked based on a withdrawal that was submitted after an I-485 has been pending for 180 days." Am. Compl., Ex. 4 at 14. USCIS's authority to revoke a visa petition for fraud "at any time" is not curtailed

9

simply because the beneficiary's corresponding I-485 was pending for more than 180 days. *Herrera*, 571 F.3d at 886-89.

### C.  USCIS's Actions Did Not Violate Mantena's Due Process Rights

Finally, Mantena also fails to address the Government's argument that her due process claims should be dismissed. *See* Gov't Br. at 13-14.  First, Mantena fails to assert the nature of those purported rights or specify from where they are derived.  *See Flores v. Reno*, 507 U.S. 292, 302 (1993) ("'Substantive due process' analysis must begin with a careful description of the asserted right.").  Second, plaintiffs in Mantena's position lack any liberty or property interest in a visa petition implicating their due process rights.  *See Azizi v. Thornburgh*, 908 F.2d 1130, 1134 (2d Cir. 1990) (neither an alien beneficiary nor his American petitioner wife has an "inherent property right in an immigrant visa"); *Patel*, 2014 WL 930823, at *14 ("[I]n order to bring a due process claim, a claimant must establish a 'constitutionally protected property interest.'  There is no such property interest in an I–140 petition.") (citations omitted); *Betancur*, 2012 WL 4862774, at *9 (USCIS "did not violate Costa's Fifth Amendment right to due process because Costa had no property interest in his I-140.") (citing *Smirnov v. Clinton*, 806 F. Supp. 2d 1, 12 (D.D.C. 2011) ("[T]here is no property right in an immigrant visa.")).  Where aliens allege due process violations on the basis of discretionary relief applications, courts routinely find no liberty or property interest sufficient to make out a due process claim.  *See, e.g., Cervantes-Ascencio v. INS*, 326 F.3d 83, 86 (2d Cir. 2003); *Rojas-Reyes v. INS*, 235 F.3d 115, 122-24 (2d Cir. 2000); *Azizi*, 908 F.2d at 1134-36.

## CONCLUSION

For the foregoing reasons, and those set forth in the Government's opening brief, the Amended Complaint should be dismissed.

Dated:   New York, New York
         April 3, 2014

                      PREET BHARARA
                      United States Attorney for the
                      Southern District of New York

By:   /s/ Christopher Connolly
      CHRISTOPHER CONNOLLY
      Assistant United States Attorney
      86 Chambers Street
      New York, New York 10007
      Tel.: (212) 637-2761
      Fax: (212) 637-2786
      E-mail: christopher.connolly@usdoj.gov